### JAMES W. OGDEN v. ALVAH ROWE.

Where a lease requires the rent to be paid quarterly, the landlord's acceptance of the rent by the tenant's request in monthly payments, does not change the written lease, nor discharge a surety given by the tenant for the payment of the rent.

Where a lease reserved to the landlord the right to relet the premises, if they became vacant, and apply what he should receive to the rent reserved, and a surety, upon notice from the tenant that he could not pay the rent, arranged with the agent of the landlord that he should let them, and the agent, having put up a bill, agreed to a letting, whereupon the original lessee removed and was succeeded by the new tenant, who entered and paid rent for a short time; *held*, that this was not a substituted tenancy operating as a surrender in law, and that the original tenant and his surety both continued liable.

ACTION against a surety, for rent due upon a lease. The case came up upon the defendant's appeal from a judgment of the Marine Court. The opinion fully states the facts.

*Samuel D. Vander Heyden*, for the defendant.

*George C. Goddard*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—The errors assigned in the notice of appeal in this cause are very numerous. Some of them do not appear by the return to have any foundation in what transpired at the trial, *e. g.* " that the justice erred in permitting a witness to read from a memorandum." It does not appear by the return that any witness did read from a memorandum. So the reasons assigned for moving to dismiss the complaint are substantially the same as those upon which the defendant insisted upon a judgment in his own favor.

The argument submitted by the counsel reduces the number of grounds for reversing the judgment, so that they are all embraced in an alleged irregularity in the examination of one of the plaintiff's witnesses, and the general inquiry whether the defendant was discharged from his suretyship by the acts of the plaintiff.

Ogden *v.* Rowe.

It is urged that the justice erred in permitting the plaintiff's counsel to put in the hands of his witness Williams, a memorandum.

I find in the return that on the examination of that witness, a paper was shown to him and the question asked, "Was this memorandum made by you?" The question was objected to by the defendant's counsel, but the objection was overruled, and the witness answered, "It was." It does not appear by the return that any use whatever was made of the paper, nor what were its contents, nor that it was given in evidence. If it is to this portion of the proceedings on the trial that the objection urged in argument applies, it must suffice to say that the return does not show that the paper was used by the witness for any purpose. If it was used improperly the appellant should have procured a further return disclosing the error.

As the return now stands we cannot reverse on the mere ground that a witness, being shown a paper, says it is in his handwriting, although the question and answer both appear to have been idle and irrelevant, unless some use was made of the paper thus produced.

On the merits, the case appears to us to be in substance as follows: The plaintiff, in March 1852, leased certain premises to one Wheeler for the term of three years at a rent of six hundred dollars a year, payable quarterly, with a provision, among others, that if the premises became vacant during the term, the plaintiff might enter and relet, and apply the rent received, first, to the expenses of reletting, and secondly, towards the payment of the rent due from the lessee, and with a further condition, that if the lessee violated any of the conditions of the lease, the plaintiff might, at his option, "rescind" the lease, and recover immediate possession. The necessary repairs, which the plaintiff reserved the privilege of making (after certain painting was done) were to be at the expense of the lessee, and the Croton water tax was also to be paid by him. The defendant in this action was bound as surety for the payment of the rent and all damages arising from the nonperformance by the lessee of any of the conditions of the agreement.

It appeared, without any material contradiction, that the lessee entered into possession and occupied, and by his own request was permitted to pay the rent in monthly payments. He paid the rent and continued to occupy down to and including the month of June 1853. In the latter part of July, or thereabouts, the lessee gave notice that he could not pay the rent, and thereupon the defendant was consulted, and he not only consented, but advised that the premises should be relet. The agent for letting appears to have acted under his advice and direction, and by the consent of the lessee, also, a bill or notice that the premises were " to let " was placed upon the premises, and a tenant being procured by that means, and after the agent had procured the defendant's approval of the letting to the tenant who was thus obtained, the lessee removed from the premises, and the new tenant entered on the first of September, 1853, and by her $80 were paid on account of rent. At about this time repairs were found necessary, and were made by the agent, and the Croton water tax being left by the lessee unpaid, the plaintiff paid the same.

These facts appear to be sufficiently proved, and a finding of the jury to that effect cannot be deemed against evidence, but rather to be required by the testimony given on the trial.

It is now insisted that accepting the payment of rent monthly was an alteration of the lease by the landlord, which discharged the surety. This claim cannot be sustained, for two reasons : first, the proof did not show any binding agreement to pay and accept monthly ; and second, the acceptance of the rent, before it became due, by the terms of the lease, was in ease of the surety, and did not in anywise alter the nature or extent of his obligation ; it rather reduced the probability that he would be liable at all by reducing the amount in arrear. As well might a surety on a bond for the payment of money at the expiration of one year, claim that he is discharged because at the end of six months the obligee consented to receive from the principal debtor one half the sum secured to be paid. It is unnecessary to add that there are some circumstances which indicate that the defendant not only knew, but assented to these monthly payments.

It is further claimed that the putting up of the notice " to let," and the reletting, terminated the original agreement, and discharged the surety. On the contrary, it appears to me so plainly upon the evidence, that this was all done in pursuance of the privilege, reserved in the lease, of reletting, if the premises became vacant, for the account of the lessee and his surety, that any other finding of fact would have been against evidence ; and if this be so, then, as matter of law, the liability of the defendant as surety continued for the protection of the plaintiff against any ultimate loss. It is true that the lessee had not actually vacated the premises when the notice was posted, but he had notified the agent that he could not pay the rent, and it was by the defendant's advice, and obviously to protect him so far as possible against loss, that the measures were taken. Indeed the evidence shows rather to my mind that the agent in procuring the new tenant, and in reletting, acted more especially as the agent for the lessee and his surety, rather than as the agent of the plaintiff in hostility to them.

This view of the subject disposes of the main grounds urged by the counsel for the appellant, and in regard to the requests which he made of the judge below that he would charge the jury, while I think that his proposition in regard to an eviction was stated to the jury substantially as requested, I am constrained to say that it would not have been erroneous to refuse to state either of the propositions submitted, because even if they are correct in law, the proofs in the case are not such that a finding in the defendant's favor could be sustained. There was no eviction nor any rescinding of the agreement of letting proved, nor any proof sufficient to sustain a finding of either. The supposed substituted tenancy was in pursuance of the very terms of the lease, and to permit the defendant to avoid the obligation of his suretyship upon that ground, would be gross injustice, and I think neither the facts proved nor the law applicable to the subject warrant it.

The judgment should be affirmed with costs.

Judgment affirmed.